IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| GABRIEL BAKER, | ) |
| Plaintiff, | ) |
| v. | ) No. 2:23-cv-04025-WJE |
| SAMUEL S. WEBB | ) |
| Defendant. | ) |

### ORDER

Pending before the Court is Defendant Samuel S. Webb's Objection to Plaintiff's Designation of Dr. Sinha as Treating Physician and Motion to Bar Expert Testimony. (Doc. 34). Plaintiff Gabriel Baker has filed suggestions in opposition (Doc. 35), to which Mr. Webb has timely replied (Doc. 36). The issue is now ripe for consideration. For the reasons that follow, Mr. Webb's motion shall be denied.

### I. FACTUAL BACKGROUND

On November 14, 2018, Ms. Baker and Mr. Webb were involved in a car accident in Sedalia, Missouri. (Doc. 1-1 at 2). On November 2, 2022, Ms. Baker filed suit against Mr. Webb in the Circuit Court of Pettis County alleging negligence. (Doc. 1-1). Ms. Baker contends that Mr. Webb is at fault for the accident and her resulting physical and mental injuries. (*Id.* at 2-4). On February 6, 2023, the case was removed to this Court. (Doc. 1). The Court has jurisdiction under 28 U.S.C. § 1332. On April 27, 2023, the Court entered a Civil Scheduling and Trial Order ("Scheduling Order"). (Doc. 17). The Scheduling Order instructed Plaintiff to file her expert designations on or before August 14, 2023. (*Id.* at 1). Additionally, the Scheduling Order provided that "[a]ll expert witnesses must submit an expert report. . . with a partial exception for treating

physicians." (*Id*. at 2). The Scheduling Order defines a treating physician as "a doctor. . . retained by a party prior to retaining counsel in [the] matter." (*Id.*). On April 21, 2023, counsel for Ms. Baker sent an email to counsel for Mr. Webb which included an attachment with Ms. Baker's Rule 26 disclosures. (Doc. 35-1 at 2). In her disclosures, Ms. Baker identified Dr. Swastik Sinha as a treating physician, and specified that all treating physicians, including Dr. Sinha would "provide expert testimony concerning the medical records, the treatment provided to Plaintiff, their incidental opinions formed during the course of treatment, and/or opinions that are consistent with medical records and the reports from each of the medical providers." (Doc. 35-2 at 2-3). Additionally, Ms. Baker's disclosures specified:

> Dr. Sinha will testify in accordance with his letter dated September 3, 2021 ["Letter"], and signed on April 21, 2023, in which he opined, "[i]t is within a reasonable degree of medical certainty that Mrs. Baker's lumbar back injuries were caused as a direct result of the automobile accident which occurred on November 14, 2018. The surgical intervention which I have recommended gives Mrs. Baker the best chance at a full recovery and otherwise she will continue to face problems from these injuries."

(*Id*. at 3-4). On April 21, 2023, counsel for Ms. Baker also sent the Letter to counsel for Mr. Webb. (Docs. 35-1 at 2; 35-3).

## II.   LEGAL STANDARD

"A party must disclose to the other parties the identity of any witness it may use at trial to present evidence." Fed. R. Civ. P. 26(a)(2)(A). Additionally, "an expert witness disclosure 'must be accompanied by a written report' that contains, among other things 'a complete statement of all opinions the witness will express and the basis and reasons for them,' as well as 'the facts or data that will be used to summarize or support them.'" *Freelander v. State Auto Prop. & Cas. Ins. Co.*, No. 20-CV-03089-SRB, 2023 WL 2666700, at *1 (W.D. Mo. Mar. 28, 2023) (quoting Fed. R. Civ. P. 26(a)(2)(B)). Parties who fail to comply with Rule 26(a) are "not allowed to use that information

or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37 (c)(1); *see also Freelander*, 2023 WL 2666700 at *1. "A court has broad discretion to sanction a party for failure to comply with discovery orders." *Martin v. Galla*, No. 22-05007-CV-SW-DPR, 2023 WL 6466390, at *3 (W.D. Mo. Oct. 4, 2023) (internal quotation marks and citation marks omitted). "However, the exclusion of evidence is a harsh penalty and should be used sparingly." *Id.* (internal quotation marks and citations omitted).

### III. DISCUSSION

Mr. Webb argues that Ms. Baker failed to designate Dr. Sinha as an expert witness and in doing so prejudiced him as he was not able to provide the expert disclosure to his expert, Dr. Petkovich, "to allow him to comment as to the opinions of Plaintiff's expert witnesses." (Doc. 34 at 2). Ms. Baker argues, on the other hand, that barring testimony would be a harsh sanction for counsel's mistaken classification of Dr. Sinha since Mr. Webb was not prejudiced by the mistake. (Doc. 35 at 3). The Court finds that the mistake by Ms. Baker's counsel was harmless, and that barring Dr. Sinha's testimony would be an overly harsh remedy.

The parties agree that Dr. Sinha was incorrectly classified as a treating physician. (Docs. 34 at 2-3; 35 at 3-4). Thus, Ms. Baker should have disclosed Dr. Sinha as an expert witness and submitted a written report that complied with Rule 26(a)(2)(B) and the Scheduling Order. *Freelander*, 2023 WL 2666700 at *1. Nevertheless, the Court agrees with Ms. Baker that her failure to do so is harmless. In Ms. Baker's Rule 26 disclosures, she included ample information concerning the nature of Dr. Sinha's anticipated testimony, including testimony on the Letter. (Doc. 35-2 at 2-4). And while the Letter did not satisfy all the requirements of Rule 26(a)(2)(B), it was written and signed by Dr. Sinha, and indicated that he would give an opinion beyond the scope

of treatment. (Doc. 35-3). Thus, Mr. Webb should have been on notice that Ms. Baker intended to employ Dr. Sinha as an expert witness.

Additionally, Ms. Baker disclosed Dr. Sinha as a treating physician on April 21, 2023. Mr. Webb did not file an objection to this disclosure until October 16, 2023, almost six months later. (Doc. 34). The Court finds that Mr. Webb's delay in seeking relief undermines his claim that he was prejudiced by the designation of Dr. Sinha as a treating physician. *Martin*, 2023 WL 6466390 at *3 (finding "it difficult to see how Defendants were either surprised or prejudiced" by designation of treating physician given six-and-a-half-month delay in raising an objection). Given the harmless nature of Ms. Baker's mistake, barring Dr. Sinha's testimony would be an overly harsh remedy. *Id.*; *see also Freelander*, 2023 WL 2666700 at *1-2.

## IV. CONCLUSION

IT IS THEREFORE ORDERED that Defendant Samuel S. Webb's Objection to Plaintiff's Designation of Dr. Sinha as Treating Physician and Motion to Bar Expert Testimony (Doc. 34) is DENIED as set forth herein. However, if Ms. Baker wishes to use Dr. Sinha as an expert witness, Ms. Baker shall disclose a report written and signed by Dr. Sinha in compliance with paragraph four of the Scheduling Order on or before November 28, 2023. (Doc. 17 at 2-3).

Dated this 14th day of November 2023, at Jefferson City, Missouri.

*Willie J. Epps, Jr.*

Willie J. Epps, Jr.
United States Magistrate Judge